UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JOSHUA BIALIK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-567 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| ANDREW HUBER, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought by a *pro se* plaintiff against the Manistee Area Public School District and two employees. According to plaintiff's complaint, his claims arise from "a false criminal accusation" by an employee of the School District. Apparently, someone reported to the School District that plaintiff had made a statement to the effect that people showing up for graduation "should wear bulletproof vests." Plaintiff contends that the accusation was false and defamatory. He brings various state-law claims against defendants, as well as a claim for deprivation of liberty without due process of law under 42 U.S.C. § 1983.

Presently pending before the court is plaintiff's motion for a permanent injunction and "cease and desist order." (docket # 25). In this motion, plaintiff seeks to enjoin the School District and its attorneys from making future insinuations or accusations of guilt against plaintiff, concerning the events in 2011 that gave rise to this case. Plaintiff also seeks to prohibit use of any part of his academic record for any reason, invoking the Family Education Rights and Privacy Act

(FERPA). For the reasons set forth below, I recommend that plaintiff's motion for a permanent injunction be denied.

Because this case has not yet been tried on its merits, in no event would the entry of a permanent injunction be appropriate. Plaintiff's request for interlocutory injunctive relief (that is, relief ordered before the entry of final judgment) must be deemed a request for preliminary injunction under Fed. R. Civ. P. 65. In determining whether preliminary injunctive relief is warranted, the court must consider four factors: (1) whether the moving party has a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the grant of injunctive relief. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). All of the relevant factors weigh against the issuance of injunctive relief.

The first relevant factor concerns the merits of plaintiff's claim for injunctive relief. Plaintiff's motion is not a model of clarity. It appears, however, that plaintiff seeks to stop School Board employees from making certain statements regarding him and, beyond this, seeks to prohibit the School District and its attorneys from making similar assertions in court. Plaintiff argues that defendants and their counsel "are continuing to allege guilt despite the fact that an in-depth, forensic investigation yield results they simply don't like as it doesn't fit with their 'defenses.'" (Motion, docket # 25, at 13-14). Plaintiff apparently assumes that a court is empowered to silence speakers at the behest of a person who believes that the speakers are uttering untruths. Since the founding of this country, the First Amendment has been understood to prohibit prior restraints on speech, except in narrow circumstances presenting a clear and present danger. *See Carroll v. President & Comm'rs*

of Princess Anne, 393 U.S. 175, 179-82 (1968). Thus, even in the case of allegedly malicious and defamatory speech, an injunction against speech is virtually never warranted; the appropriate remedy is found in the libel laws, not injunctive relief. *See Near v. Minnesota*, 283 U.S. 697, 720-22 (1931); *see Leonardson v. City of East Lansing*, 896 F.2d 190, 198 (6th Cir. 1990). Even more objectionable would be an injunction prohibiting a litigant from making certain statements in a court proceeding. It is universally recognized that statements made during the course of judicial proceedings are absolutely immune and that no liability can attach to them. *See Briscoe v. LaHue*, 460 U.S. 325, 331-32 (1983); *Couch v. Schultz*, 483 N.W.2d 684, 685-86 (Mich. Ct. App. 1992). Statements made in court, in the context of litigation, are not subject to a claim for damages, let alone the extraordinary remedy of injunctive relief.

Second, plaintiff faces no irreparable harm. In this context, harm is deemed irreparable if it cannot be remedied in a suit at law. Plaintiff has not shown the existence of any harm. Nevertheless, he has an adequate remedy in a libel suit for defamatory, unprivileged statements made outside of court.

The third and fourth relevant factors also weigh against plaintiff. Obviously, defendants would be prejudiced in the exercise of their First Amendment rights outside the courtroom and in their exercise of their right to present a defense inside the courtroom, if the court were to enter some sort of peremptory order restricting their speech. Likewise, the public interest in preservation of free-speech rights militates against the relief sought. Plaintiff is therefore not entitled to any injunctive relief prospectively silencing defendants or their counsel.

With regard to plaintiff's motion to preclude introduction of his school records, his reading of the FERPA as granting some sort of privileged status to his academic record is not

supportable. The FERPA represents an exercise of Congress's spending power. It directs the Secretary of Education to withhold federal funds from institutions that fail to comply with certain conditions. *See Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). It does not create any private rights to any class of individuals. *Id.* at 287-91. The Supreme court has held that FERPA's nondisclosure provisions "fail to confer enforceable rights." *Id.* at 287. At best, FERPA creates a kind of confidentiality for school records. Records that are considered "confidential" by statute are not necessarily "privileged" for purposes of discovery. *See Seales v. Macomb County*, 226 F.R.D. 572, 576 (E.D. Mich. 2005). The federal courts hold that FERPA does not create a privilege against discovery or admission of school records:

> FERPA is not a law which absolutely prohibits the disclosure of educational records; rather it is a provision which imposes a financial penalty for the unauthorized disclosure of educational records. Thus, while FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure. Given FERPA's underlying privacy concerns, it does, however, place a higher burden on a party seeking access to student records to justify disclosure than with the discovery of other types of records.

*Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1022 (N.D. Ohio 2004) (internal quotations and citations omitted); *accord Edmonds v. Detroit Pub. Sch. Sys.*, No. 12-cv-10023, 2012 WL 5844655 at * 3 (E.D. Mich. Nov. 19, 2012). "Therefore, FERPA does not prohibit disclosure of [a school record] as long as it is otherwise discoverable." *Edmonds* at * 3.

Furthermore, FERPA contains numerous exceptions to its nondisclosure provisions, including when disclosure is made pursuant to judicial order. *See* 20 U.S.C. § 1232g(b)(2)(B). Under this provision, disclosure is allowed pursuant to a judicial order, upon the satisfaction of certain notification provisions. Therefore, plaintiff is not entitled to a blanket order precluding

admission of his school records. Rather, if defendants seek to use such documents, they will be required to seek an order, at which time the court should consider the discoverability and admissibility of the documents on a case-by-case basis.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's motion for permanent injunction (docket # 25) be denied.

Dated: March 18, 2013                    /s/  Joseph G. Scoville
                                         United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).